UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SANDERS and
BRIANNE SANDERS,

        Plaintiffs,

                                    Case No.  23-10789

v.                                      Judge:

WAYNE COUNTY, a political subdivision,
of the State of Michigan; SHADY AWAD;
NU HOME PROPERTY MANAGEMENT LLC;
TAYLOR REHAB FIVE, LLC; TAYLOR
REHAB THREE LLC; HAROLD GOODMAN, JR.;
SHANETTA JOHNSON; DONNA HINES;
VINCENT ANTKIEWICZ; and JACKELIN
ANTKIEWICZ,

        Defendants.
_____

SHEREEF H. AKEEL (P54345)
HASAN KAAKARLI (P81099)
DANIEL W. CERMAK (P84460)
Akeel & Valentine, PLC
Attorneys for Plaintiffs
888 W. Big Beaver Rd., Ste. 420
Troy, MI   48084-4736
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

**COMPLAINT AND JURY DEMAND**

1

**NOW COME** Plaintiffs, MATTHEW SANDERS and BRIANNE SANDERS, by and through their undersigned counsel, AKEEL & VALENTINE, PLC, and for their Complaint against the above-named Defendant, state as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth and Fourteenth Amendments of the United States Constitution.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorize federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

3.      This Court has personal jurisdiction over the named Defendants because they either reside in the state of Michigan and/or are political subdivisions of the state of Michigan.

4.      Venue lies in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b) because the events that support Plaintiff's allegations occurred in this district and because the Defendants reside in this district.

5.      Plaintiffs individually seek damages in excess of $75,000.

2

## THE PARTIES

6.      Plaintiff, Matthew Sanders, is a resident of Wayne County, State of Michigan.

7.      Plaintiff, Brianne Sanders, is a resident of Wayne County, State of Michigan.

8.      Defendant, Wayne County, is a political subdivision of the State of Michigan duly organized to carry out governmental functions under the laws of Michigan.

9.      Defendant, Wayne County, has a Foreclosing Governmental Unit ("FGU") by the affirmative and voluntary decision of Wayne County pursuant to MCL 211.78.

10.     Defendant, Shady Awad ("Awad"), is an individual who resided in the City of Allen Park.  At all relevant times, he controlled Defendants Taylor Rehab Three LLC, Taylor Rehab Five LLC, and RT Michigan Property.

11.     Defendant, Nu Home Property Management LLC, currently owns and/or possesses one of the Properties as issue in this case – 9840 William Street, Taylor, MI 48180.

12.     Ms. Shanetta Johnson currently owns and/or possesses one of the Properties as issue in this case – 5975 Janet Street, Taylor, MI 48180.  Ms. Johnson

3

is a named Defendant in this action for notices purposes only pursuant to MCL § 600.2701.

13.     Ms. Donna Hines currently owns and/or possesses one of the Properties as issue in this case – 6714 Weddel Street, Taylor, MI 48180.  Ms. Hines is a named Defendant in this action for notices purposes only pursuant to MCL § 600.2701.

14.     Defendant, Taylor Rehab Five LLC, currently owns and/or possesses one of the Properties as issue in this case – 9840 William Street, Taylor, MI 48180. RT Michigan Property is an Assumed Name of Taylor Rehab Five LLC.

15.     Taylor Rehab Three LLC currently owns and/or possesses one of the Properties as issue in this case – 25735 Champaign Street, Taylor, MI 48180.  Taylor Rehab Three LLC is a named Defendant in this action for notices purposes only pursuant to MCL § 600.2701.  RT Michigan Property is an Assumed Name of Taylor Rehab Three LLC.

16.     Mr. Harold Goodman, Jr. currently owns and/or possesses one of the Properties as issue in this case – 26360 Pennsylvania Road, Taylor, MI 48180.  Mr. Goodman is a named Defendant in this action for notices purposes only pursuant to MCL § 600.2701.

17.     Mr. Vincent Antkiewicz and Mrs. Jackelin Antkiewicz currently owns and/or possesses one of the Properties as issue in this case – 26370 Pennsylvania

Road, Taylor, MI 48180. The Antkiewicz are named Defendants in this action for notice purposes only pursuant to MCL § 600.2701.

## FACTUAL ALLEGATIONS

**Background Allegations.**

18. Michigan law generally authorizes counties to foreclose on private properties whose owners have failed to pay all property taxes. Those properties may be sold at auction, and the proceeds used to make counties whole for unpaid taxes, as well as reasonable fees and expenses.

19. The instant litigation challenges what occurred after the properties were forfeited and foreclosed upon and the deprivation of the Plaintiffs' of substantial surplus value or equity in their properties.

20. The real properties owned by Plaintiffs had significant surplus value (i.e., they were worth much more than the amount owed for unpaid taxes, plus reasonable fees and expenses.) This surplus value was not refunded to Plaintiffs, however. They were permanently deprived of this surplus value without any compensation.

21. In other words, Defendant, Wayne County, does not foreclose on the parcel, sell it, keep the amount of outstanding taxes plus reasonable fees, and return the rest to the property owner. Rather, they foreclose, sell the property at a reduced amount, and keep all the proceeds and excess/surplus equity for itself. As a result,

property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

22.   As set forth below, this constitutes a violation of the Fifth and Fourteenth Amendments to the United States Constitution; and an impermissible inverse condemnation under Michigan law.  *See  Bowles v. Sabree*, No. CV 20-12838, 2022 WL 141666, at *18 (E.D. Mich. Jan. 14, 2022), reconsideration denied, No. CV 20-12838, 2022 WL 4078891 (E.D. Mich. Sept. 6, 2022).

23.   Defendant, Wayne County, is liable for retaining the surplus as recently found in *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022), reh'g denied, No. 21-1700, 2023 WL 370649 (6th Cir. Jan. 4, 2023) (holding "so far as the Takings Clause is concerned, the County alone is responsible for the taking of the plaintiffs' property.").  *See also KENNETH TAYLOR, Plaintiff, v. JANET JACKSON, et. al*., No. 19-12548, 2023 WL 2646212, at *7 (E.D. Mich. Mar. 26, 2023) (same).

24.   The Michigan Supreme Court, also, has held that "[Michigan] common law recognizes a former property owner's property right to collect the surplus proceeds that are realized from the tax-foreclosure sale of property."  *Rafaeli, LLC v. Oakland County*, 505 Mich. 429, 470, 952 N.W.2d 434 (2020).

25.   The Michigan Supreme Court also found that "[Michigan's] 1963 Constitution protects a former owner's property right to collect the surplus proceeds following a tax-foreclosure sale under Article 10, § 2."  *Id*. at 473.

26.     Lastly, the Michigan Supreme Court held that a county's retention of

the surplus proceeds was an unconstitutional taking:

> Once defendants foreclosed on plaintiffs' properties, obtained title to
> those properties, and sold them to satisfy plaintiffs' unpaid taxes,
> interest, penalties, and fees related to the foreclosures, any surplus
> resulting from those sales belonged to plaintiffs.  That is, after the sale
> proceeds are distributed in accordance with the GPTA's order of
> priority, any surplus that remains is the property of plaintiffs, and
> defendants were required to return that property to plaintiffs.
> Defendants' retention of those surplus proceeds under the GPTA
> amounts to a taking of vested property right requiring just
> compensation.  To the extent the GPTA permits defendants to retain
> these surplus proceeds and transfer them into the county general fund,
> the GPTA is unconstitutional as applied to former property owners
> whose properties were sold at a tax-foreclosure sale for more than the
> amount owed in unpaid taxes, interest, penalties, and fees related to the
> forfeiture, foreclosure, and sale of their properties.

*Id*. at 461.

27.     Here, Defendant, Wayne County, administers a foreclosure-and-

auction process so that after it regularly sells a parcel at auction (oftentimes for less

than its fair market value), it retains the *entire* amount of the proceeds.  Furthermore,

even if the sale proceeds far exceed the tax bill – it does not return any of the excess

to the property's former owner or provide compensation for that portion of the equity

destroyed by underselling the parcel.

28.     As used in this complaint, "Tax Delinquency" means the past due tax

owed on a property plus additional compounding interest, fees, penalties, and costs;

"Equity" means the amount by which a property's value exceeds its tax delinquency.

7

**The Janet Property.**

29.      Plaintiffs were the owners of the real property commonly known as

5975 Janet Street, Taylor, MI 48180, Parcel No. 60-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-301 (the "Janet

Property").[1]

30.      Certain property taxes were owed on the Janet Property and subject to

forfeiture proceedings.

31.      On March 30, 2018, Matt and Brienna Sanders paid the taxes owed on

the Janet Property and was issued a Certificate of Redemption by Defendant, Wayne

County affirming that he has redeemed the property and that Defendant Wayne

County released all rights, title, and interest in the Janet property.

32.      In other words, Defendant Wayne County had no rights, title, or interest

in the Janet Property.

33.      However, on or around July 24, 2018, Defendant Wayne County, by

and through its Treasurer, successfully – but wrongfully – petitioned for and seized

ownership of the Janet Property through a judgment of foreclosure on behalf of

Defendant Wayne County.

---

[1] Legal Description: Part of the Southeast 1/4 of section 31, Town 3 south, Rage 10 East, Beginning North 86 degrees 19 minutes 50 seconds East 916.20 feet and North 0 degrees 22 minutes 50 seconds East 476.05 feet; hence South 81 degrees 08 minutes 15 seconds East 146.31 feet; hence south 0 degrees 23 minutes 48 seconds west 714.24 feet; hence south 86 degrees 19 minutes 50 seconds west 144.7 feet to point of beginning. 2.42 acres.

34.     On August 10, 2018, Defendant Wayne County, nevertheless, wrongfully confiscated the property and issued a deed to the property to a third-party.

35.     In or around August 2018, the Janet Property had a fair market value of over $109,000.

36.     Defendant, Wayne County, sold the Janet Property to the City of Taylor on or around August 10, 2018 for $3,826.05.

37.     The sale price for the Janet Property was far below the fair market value but above the Tax Delinquency.

38.     Defendant, Wayne County, seized Plaintiffs' Equity in the Janet Property by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

39.     Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

40.     Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the Janet Property.

41.     Defendant, Wayne County, refused and refuses to pay just compensation for Plaintiffs' Equity in the Janet Property.  Defendant, Wayne County, also has failed to provide any mechanism at all for any such compensation.

42.     A title search of the Janet Property on February 13, 2023, indicates the

following:

> 1. The Wayne County Treasurer acquired title by virtue of non-payment
> of delinquent taxes. The interest of the parties identified below, who
> appear to have an interest in said property, have never been conveyed
> into the chain of title. Therefore submit evidence satisfactory to the
> Company that all parties with an interest in the subject property
> received notice of the tax foreclosure or record either (1) a deed from
> said party(ies) eliminating their interest, or (2) proper judgment by a
> court of competent jurisdiction eliminating to the satisfaction of the
> company the interest of said party(ies).
> a. Matthew Sanders and Brienna Sanders, a/k/a Brianne Sanders,
> husband and wife, grantee in Warranty Deed recorded in Liber 50657,
> Page 1338, Wayne County Records.

43.     The Janet Property is currently in the possession of a Ms. Shanetta

Johnson.

44.     Ms. Johnson purchased the Janet Property from its previous owner,

Taylor Rehab Two LLC, who purchased the property – with a defective title – from

the City of Taylor who purchased the property from Defendant Wayne County.

45.     On or around February 19, 2019, Ms. Johnson purchased the Janet

Property from Taylor Rehab Two LLC for $130,000.00.

**The Weddel Property.**

46.     Plaintiff was the owner of the real property commonly known as 6714

Weddel Street, Taylor, MI 48180, Parcel No. 60-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-000 (the "Weddel

Property").[2]

47.     Certain property taxes were owed on the Weddel Property and subject

to forfeiture proceedings.

48.     On May 4, 2018, Matt Sanders paid the taxes owed on the Weddel

Property and was issued a Certificate of Redemption by Defendant, Wayne County

affirming that he has redeemed the property and that Defendant Wayne County

released all rights, title, and interest in the Weddel property.

49.     In other words, Defendant Wayne County had no rights, title, or interest

in the Weddel Property.

50.     However, on or around July 24, 2018, Defendant, Wayne County, by

and through its Treasurer, successfully – but wrongfully – petitioned for and seized

ownership of the Weddel Property through a judgment of foreclosure on behalf of

Defendant Wayne County.

51.     On August 10, 2018, Defendant Wayne County, nevertheless,

wrongfully confiscated the property and issued a deed to the property to a third-

party.

---

[2] Legal description: 03E821 LOT 821 AND E ½ ADJ VAC ALLEY GRACE PARK
NO. 1 T3S R 10E L59 P93 WCR.

52.     In or around August 2018, the Weddel Property had a fair market value of around $69,900.

53.     Defendant Wayne County sold the Weddel Property to the City of Taylor on or around August 10, 2018 for $3,826.05.

54.     The sale price for the Weddel Property was far below the fair market value but above the Tax Delinquency.

55.     Defendant, Wayne County, seized Plaintiffs' Equity in the Weddel Property by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

56.     Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

57.     Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the Weddel Property.

58.     Defendant, Wayne County, refused and refuses to pay just compensation for Plaintiffs' Equity in the Weddel Property.  Defendant, Wayne County, also has failed to provide any mechanism at all for any such compensation.

59.     A title search of the Weddel Property on February 10, 2023 indicates the following:

    3.     A predecessor in title to the above owner shown in Schedule A, Paragraph 3 herein, 3. acquired title by deed given by the Wayne

12

County Treasurer. The Wayne County Treasurer acquired title by virtue of non-payment of delinquent taxes. The interest of Matt Sanders, who appears to have an interest in said property by reason of Covenant Deed recorded October 19, 2009 in Liber 48172, Page 1241, Wayne County Records, has never been conveyed into the chain of title. Therefore, submit evidence satisfactory to the Company that all parties with an interest in the subject property received notice of the tax foreclosure or record either (1) a deed from said party(ies) eliminating their interest, or (2) proper judgment by a court of competent jurisdiction eliminating to the satisfaction of the company the interest of said party(ies).

60.    The Weddel Property is currently in the possession of a Ms. Donna Hines.

61.    On or around November 24, 2021, Ms. Hines purchased the Weddel Property – with a defective title – for around $126,500.00.

**The William Property.**

62.     Plaintiff, Matt Sanders, was the owner of the real property commonly known as 9840 William Street, Taylor, MI 48180, Parcel No. 60-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-000 (the "William Property").[3]

63.    Certain property taxes were owed on the William Property and subject to forfeiture proceedings.

64.    On May 4, 2018, Matt and Breinne Sanders paid the taxes owed on the William Property and was issued a Certificate of Redemption by Defendant, Wayne

---

[3] Legal description: 15N172 LOT 172 KINYONS SUB No. 3 T3S R10E L83 P85, 86 WCR.

County affirming that he has redeemed the property and that Defendant Wayne County released all rights, title, and interest in the William Property.

65.     In other words, Defendant Wayne County had no rights, title, or interest in the William Property.

66.     However, on or around July 24, 2018, Defendant, Wayne County, by and through its Treasurer, successfully – but wrongfully – petitioned for and seized ownership of the William Property through a judgment of foreclosure on behalf of Defendant Wayne County.

67.     On August 10, 2018, Defendant Wayne County, nevertheless, wrongfully confiscated the property and issued a deed to the property to a third-party.

68.     In or around August 2018, the William Property had a fair market value of around $136,700.

69.     Defendant, Wayne County, sold the William Property to the City of Taylor on or around August 10, 2018 for $6,679.65.

70.     The sale price for the William Property was far below the fair market value but above the Tax Delinquency.

71.     Defendant, Wayne County, seized Plaintiffs' Equity in the William Property by foreclosing upon said property, selling it at auction for an amount much

lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

72.    Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

73.    Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the William Property.

74.    Defendant, Wayne County, refused and refuses to pay just compensation for Plaintiffs' Equity in the William Property.  Defendant, Wayne County, also has failed to provide any mechanism at all for any such compensation.

75.    A title search of the William Property on February 10, 2023, indicates the following:

1.    The predecessor in title to the owner shown in Schedule A, Paragraph 3 herein, acquired title by deed given by the Wayne County Treasurer. The Wayne County Treasurer acquired title by virtue of non-payment of delinquent taxes. The interest of Matt Sanders, who appears to have an interest in said property by reason of Covenant Deed recorded in Liber 49650, Page 932, Wayne County Records, has never been conveyed into the chain of title. Therefore, submit evidence satisfactory to the Company that all parties with an interest in the subject property received notice of the tax foreclosure or record either (1) a deed from said party(ies) eliminating their interest, or (2) proper judgment by a court of competent jurisdiction eliminating to the satisfaction of the company the interest of said party(ies).

76.    The William Property is currently in the possession of a Taylor Rehab Five LLC.

77.    On or around November 21, 2018, the City of Taylor sold the William Property – with a defective title – to Taylor Rehab Five LLC for $10.00.

78.    Defendant Shady – through Defendant Taylor Rehab Five LLC and/or Nu Home Property Management LLC or their assignees, successors, or agents – continues to wrongfully assert ownership interest over Plaintiffs and has been wrongfully collecting rent beginning in 2019 to the present.

**The Champaign Property.**

79.    Plaintiff, Matt Sanders, was the owner of the real property commonly known as 25735 Champaign Street, Taylor, MI 48180, Parcel No. 60-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-000 (the "Champaign Property").[4]

80.    Certain property taxes were owed on the Champaign Property and subject to forfeiture proceedings.

81.    In or around 2016, Plaintiffs paid the taxes owed on the Champaign Property and was issued a Certificate of Redemption by Defendant, Wayne County affirming that he has redeemed the property and that Defendant Wayne County released all rights, title, and interest in the Champaign Property.

82.    In other words, Defendant Wayne County had no rights, title, or interest in the Champaign Property.

---

[4] Legal description: O8T215 LOT 215 OAK VIEW SUB NO. 3 T3S R10E L83 P1 WCR.

16

83.     However, on or around July 24, 2018, Defendant, Wayne County, successfully – but wrongfully – petitioned for and seized ownership of the Champaign Property through a judgment of foreclosure on behalf of Defendant Wayne County.

84.     On August 10, 2018, Defendant Wayne County, nevertheless, wrongfully confiscated the property and issued a deed to the property to a third-party.

85.     In or around August 2018, the Champaign Property had a fair market value of around $86,800.00.

86.     Defendant Wayne County sold the Champaign Property to the City of Taylor on or around August 10, 2018, for $4,439.74.

87.     The sale price for the Champaign Property was far below the fair market value but above the Tax Delinquency.

88.     Defendant, Wayne County, seized Plaintiffs' Equity in the Champaign Property by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

89.     Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

90.    Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the Champaign Property.

91.    Defendant, Wayne County, refused and refuses to pay just compensation for Plaintiffs' Equity in the Champaign Property.  Defendant, Wayne County, also has failed to provide any mechanism at all for any such compensation.

92.    A title search of the Champaign Property on February 10, 2023, indicates the following:

    1.    The City of Taylor, predecessor in title to the owner shown in Schedule A, Paragraph 3 herein, acquired title by deed given by the Wayne County Treasurer. The Wayne County Treasurer acquired title by virtue of non-payment of delinquent taxes. The interest of Matt Sanders, who appears to have an interest in said property by reason of Covenant Deed recorded September 15, 2011 in Liber 49635, Page 207, Wayne County Records, has never been conveyed into the chain of title. Therefore, submit evidence satisfactory to the Company that all parties with an interest in the subject property received notice of the tax foreclosure or record either (1) a deed from said party(ies) eliminating their interest, or (2) proper judgment by a court of competent jurisdiction eliminating to the satisfaction of the company the interest of said party(ies).

93.    The Champaign Property is currently in the possession of a Taylor Rehab Three LLC.

94.    On or around August 21, 2018, the City of Taylor sold the Champaign Property – with a defective title – to Taylor Rehab Three LLC for $10.00.

18

**The Pennsylvania Property 1.**

95.     Plaintiff, Matt Sanders, was the owner of the real property commonly known as 26360 Pennsylvania Road, Taylor, MI 48180, Parcel No. 60-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-002 (the "Pennsylvania Property 1").[5]

96.     Certain property taxes were owed on the Pennsylvania Property 1 and subject to forfeiture proceedings.

97.     On or around May 4, 2018, Plaintiff, Matt Sanders, paid the taxes owed on the Pennsylvania Property 1 and was issued a Certificate of Redemption by Defendant, Wayne County affirming that he has redeemed the property and that Defendant Wayne County released all rights, title, and interest in the Pennsylvania Property 1.

98.     In other words, Defendant Wayne County had no rights, title, or interest in the Pennsylvania Property 1.

99.     However, on or around July 24, 2018, Defendant, Wayne County, successfully – but wrongfully – petitioned for and seized ownership of the Pennsylvania Property 1 through a judgment of foreclosure on behalf of Defendant Wayne County.

---

[5] Legal description: 31HH2A2 PT OF SE 1/4 COR SEC 31 TH N0DEG 19M 50S E 1061.05FT AND N0DEG 23M 48S E 60.15FT FROM S 1/4 COR SEC 31 TH N0DEG 23M 48S E 714.24FT TH S83DEG 23M 54S E 245.88FT TH S0DEG 24M 48S W 670.28FT TH S86DEG 19M 50S W 244.83FT POB 3.88AC.

100.   On August 10, 2018, Defendant Wayne County, nevertheless, wrongfully confiscated the property and issued a deed to the property to a third-party.

101.   In or around August 2018, the Pennsylvania Property 1 had a fair market value of around $105,500.00.

102.   Defendant, Wayne County, sold the Pennsylvania Property 1 to the City of Taylor on or around August 10, 2018, for $6,082.25.

103.   The sale price for the Pennsylvania Property 1 was far below the fair market value but above the Tax Delinquency.

104.   Defendant seized Plaintiffs' Equity in the Pennsylvania Property 1 by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

105.   Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

106.   Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the Pennsylvania Property 1.

107.   Defendant, Wayne County, refused and refuses to pay just compensation for Plaintiffs' Equity in the Pennsylvania Property 1.  Defendant,

Wayne County, also has failed to provide any mechanism at all for any such compensation.

108.   A title search of the Pennsylvania Property 1 on February 10, 2023, indicates the following:

1.      A predecessor in title to the owner shown in Schedule A, Paragraph 3 herein, acquired title by deed given by the Wayne County Treasurer. The Wayne County Treasurer acquired title by virtue of non-payment of delinquent taxes. The interest of Matt Sanders, who appears to have an interest in said property by reason of Covenant Deed recorded September 21, 2012 in Liber 50143, Page 1116, Wayne County Records, has never been conveyed into the chain of title. Therefore, submit evidence satisfactory to the Company that all parties with an interest in the subject property received notice of the tax foreclosure or record either (1) a deed from said party(ies) eliminating their interest, or (2) proper judgment by a court of competent jurisdiction eliminating to the satisfaction of the company the interest of said party(ies).

109.   The Pennsylvania Property 1 is currently in the possession of a Harold Goodman, Jr.

110.   On or around February 25, 2022, the City of Taylor sold the Pennsylvania Property 1 – with a defective title – to Mr. Goodman, Jr. for $117,000.00.

**The Pennsylvania Property 2.**

111.    Plaintiff, Matt Sanders, was the owner of the real property commonly known as 26370 Pennsylvania Road, Taylor, MI 48180, Parcel No. 60-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-004 (the "Pennsylvania Property 2").[6]

112.   Certain property taxes were owed on the Pennsylvania Property 2 and subject to forfeiture proceedings.

113.   On or around March 30, 2018, Plaintiff, Matt Sanders, paid the taxes owed on the Pennsylvania Property 2 and was issued a Certificate of Redemption by Defendant, Wayne County affirming that he has redeemed the property and that Defendant Wayne County released all rights, title, and interest in the Pennsylvania Property 2.

114.   In other words, Defendant Wayne County had no rights, title, or interest in the Pennsylvania Property 2.

115.   However, on or around July 24, 2018, Defendant, Wayne County, successfully – but wrongfully – petitioned for and seized ownership of the Pennsylvania Property 2 through a judgment of foreclosure on behalf of Defendant Wayne County.

---

[6] Legal description: Part of the Southeast 1/4 of section 31, Town 3 south, Rage 10 East, Beginning North 86 degrees 19 minutes 50 seconds East 916.20 feet and North 0 degrees 22 minutes 50 seconds East 476.05 feet; hence South 81 degrees 08 minutes 15 seconds East 146.31 feet; hence south 0 degrees 23 minutes 48 seconds west 714.24 feet; hence south 86 degrees 19 minutes 50 seconds west 144.7 feet to point of beginning. 2.42 acres.

116. On August 10, 2018, Defendant Wayne County, nevertheless, wrongfully confiscated the property and issued a deed to the property to a third-party.

117. In or around August 2018, the Pennsylvania Property 2 had a fair market value of around $134,100.00.

118. Defendant, Wayne County, sold the Pennsylvania Property 2 to the City of Taylor on or around August 10, 2018, for $5,853.61.

119. The sale price for the Pennsylvania Property 2 was far below the fair market value but above the Tax Delinquency.

120. Defendant, Wayne County, seized Plaintiffs' Equity in the Pennsylvania Property 2 by foreclosing upon said property, selling it at auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to them.

121. Defendant, Wayne County, did not afford Plaintiffs any process, plan, or legal mechanism for Plaintiffs to seek or achieve the return of the Equity seized.

122. Thus, Defendant, Wayne County, took or destroyed all of Plaintiffs' Equity in the Pennsylvania Property 2.

123. Defendant, Wayne County, refused and refuse to pay just compensation for Plaintiffs' Equity in the Pennsylvania Property 2. Defendant, Wayne County, also has failed to provide any mechanism at all for any such compensation.

124.   A title search of the Pennsylvania Property 2 on February 21, 2023, indicates the Pennsylvania Property 2 is currently in the possession of a Vincent and Jackelin Antkiewicz.

125.   Defendant, Wayne County, sold the Pennsylvania Property 2 with a defective title which ultimately ended up with the Antkiewiczs.

126.   Collectively, the Janet, Weddel, William, Champaign, and Pennsylvania Properties are referred to herein as Plaintiffs' Properties.

**Defendant Wayne County Policy, Custom, and/or Practice.**

127.   The actions described herein is the respective voluntary policy, custom, and/or practice Wayne County, and/or its final policymaker.

128.   This voluntary policy and/or practice of Defendant Wayne County is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

129.   Specifically, Defendant Wayne County made the affirmative, voluntary, and discretionary decision to select and designate its own treasurer to act as the Foreclosing Governmental Unit.  *See* MCL § 211.78(3)-(6).

130.   Moreover, Defendant Wayne County, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered the County's foreclosure and auction process generally, including MCL § 211.78m(8), so that after the County sells a parcel at auction or to a private purchaser or a City of

the State of Michigan, the County retains the entire amount of the proceeds, even if the proceeds exceed the amount of the Tax Delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his, her, or its Equity.

131.   Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

132.   Defendant's actions constitutes the improper and unconstitutional taking of the property of Plaintiffs and the putative class members without just compensation.

133.   The actions of Defendant was designed to intentionally or wantonly cause harm to Plaintiffs due to the utter disregard of Plaintiffs' constitutionally protected rights.

134.   Plaintiffs' claims are timely and were tolled by the Courts in *Wayside Church v. Van Buren County*, Case No. 14-cv-1274 (W.D. Mich. 2014) and *Bowles v. Sabree*, No. CV 20-12838, 2022 WL 141666 (E.D. Mich. Jan. 14, 2022).  *See Palakurthi v. Wayne Cnty.*, No. CV 21-10707, 2022 WL 943032, at *7 (E.D. Mich. Mar. 28, 2022), reconsideration denied, No. CV 21-10707, 2023 WL 196453 (E.D. Mich. Jan. 17, 2023) (holding "*Wayside* and *Bowles*, therefore, tolled the statutes of limitations applicable to Plaintiff's claims[]" in a nearly identical action).

135.   Consequently, Defendant's conduct alleged here is not protected by any absolute or qualified immunity.

## COUNT I

**Improper Taking Without Just Compensation
In Violation of the Fifth and Fourteenth Amendments
Pursuant to 42 U.S.C. § 1983
Against Defendant Wayne County**

136.   Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

137.   Defendant, Wayne County, engaged in an improper taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and is brought against Defendant pursuant to 42 U.S.C. § 1983 and § 1988.

138.   The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendant.

139.   Defendant, in violation of 42 U.S.C. § 1983, has taken Plaintiffs' property interests in the form of surplus value or equity and have appropriated this property allegedly for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

140.   Defendant has refused to take any action for the payment of just compensation for their seizures of surplus value or equity from the Plaintiffs.

26

141. By their refusal to take any action for the payment of just compensation at the time of the taking, Defendant has deprived Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 and § 1988.

142. Defendant has not paid, will not now pay, and do not intend to pay, just compensation for Plaintiffs' surplus value or equity.

143. Defendant's actions were designed to intentionally or wantonly cause harm to Plaintiffs' due to the utter disregard of Plaintiffs' constitutionally protected rights.

144. Plaintiffs' have been injured and have suffered damages.

**WHEREFORE**, Plaintiff requests this Honorable Court award judgment against Defendant for compensatory damages, which include, but are not limited to, non-economic and economic damages, all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983 and/or the laws of the State of Michigan, in addition to punitive damages, reasonable attorney fees under 42 U.S.C § 1988, costs, and interest, and such other and further relief as appears reasonable and just under the circumstances.

## COUNT II

**Inverse Condemnation**
**In Violation of the Michigan Constitution, Article X, Section 2**
**Against Defendant Wayne County**

145.   Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

146.   Defendant has taken Plaintiffs' property interests in the form of surplus value or equity and have appropriated this property allegedly for public use without the payment of just compensation.

147.   Defendant has done so without using any direct condemnation process, including those outlined under the Uniform Condemnation Procedures Act, MCL § 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

148.   The actions of Defendant caused an unjust taking of Plaintiffs' surplus value or equity in their property.

149.   As direct and proximate result of Defendant's unconstitutional taking of their properties, Plaintiffs have experienced substantial loss of value and ordinary use and enjoyment of their properties.

150.   The injury to the Plaintiffs is unique or special because they had substantial surplus value or equity in their property.

151.   Defendant has not and will not provide Plaintiffs any opportunity to claim their surplus value or equity after the seizure and/or later sale of their respective properties, nor does Defendant provide or have a process to claim compensation at the time Defendant seized title to their property interests.

152.   Defendant has not paid, will not now pay, and does not intend to pay, just compensation for Plaintiffs' surplus value or equity.

153.   Defendant has not paid just compensation for Plaintiffs' surplus value or equity.

154.   Defendant's actions were designed to intentionally or wantonly cause harm to Plaintiffs due to the utter disregard of Plaintiffs' constitutionally protected rights.

155.   Plaintiffs, whose surplus value or equity was taken, are entitled to compensation under Article X, Section 2 of the Michigan Constitution.

156.   Plaintiffs have been injured and have suffered damages.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for compensatory damages, which include, but are not limited to, non-economic and economic damages, in addition to punitive damages, reasonable attorney fees, costs, and interest, and such other and further relief as appears reasonable and just under the circumstances.

## COUNT III

### Quiet Title

157.   Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

158.   By virtue of the conduct described above, the lien, foreclosure, and/or sale of Plaintiffs' Properties is a nullity and/or was obtained in violation of law and is thus void.

159.   It would be inequitable to permit Defendant to foreclose upon the alleged liens when they are void as a matter of law.

160.   Plaintiffs' claims of title to their Properties are superior to those of Defendant's as Defendant's title claim rests upon fraudulent lien, foreclosure, and/or sale processes and lack of standing.

161.   Plaintiffs, not Defendants or those named individual Defendants, are the sole, lawful title-holders of the Properties.

162.   MCL § 600.2932 authorizes the Court to quiet title in the Properties to Plaintiffs, extinguishing any claims in the Properties made by Defendant or any buyer, assignee, and/or grantee of Defendant's after selling Plaintiffs' Properties.

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment determining that Plaintiffs hold full legal and equitable title to the Properties in fee simple absolute, free and clear of any and all claims of Defendant or any of buyer, assignee, and/or grantee of Defendant's after selling Plaintiffs' Properties in this action, and all persons claiming under Defendant, and quieting title to the Properties to Plaintiffs.

## COUNT IV

### Unjust Enrichment

163.   Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

164.   By taking Plaintiffs' Properties for the alleged non-payment of real estate taxes that were not owed, Defendant has been unjustly enriched by the value of Plaintiffs' Properties.

165.   Plaintiffs now ask this Court to avoid injustice and the unjust enrichment of Defendant and to enter judgment in favor of Plaintiffs and against Defendant in an amount to be determined upon the value of the Properties wrongfully taken from Plaintiffs.

**WHEREFORE**, Plaintiffs request this Honorable Court to award Plaintiffs damages in an amount to be determined against Defendant together with exemplary and/or punitive damages, interest, costs, and attorney fees, for Defendant being unjustly enriched.

## COUNT V

### Declaratory Relief

166.   Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

167. An actual controversy exists between Plaintiffs and Defendant regarding the ownership of the Properties as well as Defendant's violation of clearly established constitutional rights.

168. Thus, Plaintiffs are entitled to a declaration regarding the ownership of the Properties as well as their rights regarding the unconstitutional taking of their Properties.

169. Accordingly, and pursuant to 28 U.S.C. § 2201, Plaintiffs ask the Court to declare and order that Plaintiffs are the rightful owners of the Properties; that Plaintiffs received the applicable Certificates of Redemptions of their Properties in 2018; and that by taking the Plaintiffs' Properties without paying Plaintiffs just compensation, Defendant violated Plaintiffs' rights established by the 5th Amendment to the United States Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the United States Constitution, and Article X, Section 2 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

**WHEREFORE**, pursuant to 28 U.S.C. § 2201, Plaintiffs ask the Court to declare and order that Plaintiffs are the rightful owners of the Properties, that Plaintiffs received Certificates of Redemptions of their Properties in 2018, and that by taking the Properties without paying Plaintiffs just compensation, Defendant violated Plaintiffs' rights established by the 5th Amendment to the United States

Constitution (as applied to the states through the due process clause of the 14th Amendment), the 14th Amendment to the United States Constitution, and Article X, Section 2 of the State of Michigan Constitution, and/or other laws of the United States and/or the State of Michigan.

## **RELIEF REQUESTED**

Wherefore, Plaintiffs respectfully request that this Honorable Court:

a) Enter an order declaring the conduct of Defendant as unconstitutional under the United States and Michigan Constitutions;

b) Enter an order for an award of full compensatory damages for those injuries and damages sustained by Plaintiffs, including disgorgement of surplus value or equity for each respective property;

c) Enter an order for additional damages and/or compensation to reach an amount equaling 125% of the property's fair market value if this Court determines that private property consisting of an individual's surplus value or equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

d) Enter an order for damages pursuant to 42 USC §§ 1983 and 1988;

e) Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott, Pennsylvania*, 204 L. Ed. 2d 558, 139 S. Ct. 2162 (2019);

f) Enter an order for an award of reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, and all other applicable laws, rules, and statutes;

g) Enter an order for an award of consequential, nominal, exemplary, treble and/or punitive damages as appropriate by statute, law, and equity pursuant to 42 U.S.C. § 1983 and 1988;

h) Enter an order for an award of actual reasonable attorney fees and litigation expenses including costs, interest pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

i) Enter an order for all other such legal and equitable relief that this Court deems proper and just.

Respectfully submitted,

AKEEL & VALENTINE, PLC

s/ Shereef H. Akeel

By:   Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Daniel W. Cermak (P84460)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 420
Troy, MI  48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

DATED: April 6, 2023

34

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SANDERS and
BRIANNE SANDERS,

        Plaintiffs,

                                      Case No.  23-10789

v.                                     Judge:

WAYNE COUNTY, a political subdivision,
of the State of Michigan; SHADY AWAD;
SHANETTA JOHNSON; DONNA HINES;
TAYLOR REHAB FIVE, LLC;TAYLOR
REHAB THREE LLC; HAROLD
GOODMAN, JR.; VINCENT ANTKIEWICZ;
and JACKELIN ANTKIEWICZ,

        Defendants.

_____

SHEREEF H. AKEEL (P54345)
HASAN KAAKARLI (P81099)
DANIEL W. CERMAK (P84460)
Akeel & Valentine, PLC
Attorneys for PlaintiffS
888 W. Big Beaver Rd., Ste. 420
Troy, MI   48084-4736
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

---

## **JURY DEMAND**

---

NOW COME Plaintiffs, MATTHEW SANDERS and BRIANNE SANDERS, by and through their undersigned counsel, Akeel & Valentine, PLC, and hereby demand a Trial by Jury of the above-referenced causes of action.

Respectfully submitted,

AKEEL & VALENTINE, PLC

s/ Shereef H. Akeel
By:   Shereef H. Akeel (P54345)
      Hasan Kaakarli (P81099)
      Daniel W. Cermak (P84460)
      Attorneys for Plaintiff
      888 W. Big Beaver Rd., Ste. 420
      Troy, MI  48084
      (248) 269-9595
      shereef@akeelvalentine.com
      hasan@akeelvalentine.com
      daniel@akeelvalentine.com

DATED:  April 6, 2023