UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SANDERS and
BRIANNE SANDERS,

      Plaintiffs,

v.

COUNTY OF WAYNE, SHADY AWAD,
NU HOME PROPERTY MANAGEMENT LLC,
TAYLOR REHAB FIVE, LLC,
TAYLOR REHAB THREE, LLC,
HAROLD GOODMAN, JR., DONNA HINES,
VINCENT ANTKIEWICZ, and
JACKELIN ANTKIEWICZ,[1]

      Defendants.
_____/

Case No. 23-cv-10789
Honorable Linda V. Parker

## OPINION AND ORDER

This action arises from the foreclosure of Plaintiffs' properties in Taylor, Michigan, by Defendant Wayne County ("County") and the County's subsequent sale of those properties to the City of Taylor and then to the remaining defendants, except Awad, (collectively "Purchasers"). In an Amended Complaint filed April 14, 2023, Plaintiffs allege that the County violated their Fifth and Fourteenth Amendment rights (Count I) and the Michigan Constitution (Count II) by retaining

---

[1] Plaintiffs also named Shanetta Johnson as a defendant but their claims against her were dismissed with prejudice by way of a stipulated order on July 24, 2023. (ECF No. 52.)

the proceeds of the foreclosure sale exceeding the taxes owed on the properties. Plaintiffs' remaining claims (Counts III-V) allege quiet title, unjust enrichment, and declaratory judgment against the Purchaser and Awad.

The matter is before the Court on several motions:

- Plaintiffs' motion for leave to file a second amended complaint (ECF No. 17);

- Plaintiffs' motion for default judgment as to the following Purchasers: Shady Awad, Nu Home Property Management, LLC ("Nu Home"), Taylor Rehab Five, LLC, and Taylor Rehab Three, LLC (ECF No. 48);

- A motion to set aside default, filed by Nu Home, Taylor Rehab Five, and Taylor Rehab Three (ECF No. 50); and

- A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed by Awad (ECF No. 51).

For the reasons set forth below, the Court is denying Plaintiffs' motions for leave to file a second amended complaint and for default judgment. The Court is setting aside the defaults against Nu Home, Taylor Rehab Five, and Taylor Rehab Three. Finally, the Court is granting Awad's motion to dismiss and is sua sponte dismissing Plaintiffs' claims against the remaining Purchasers.

## Factual and Procedural Background

Plaintiffs, either individually or jointly, owned six properties in Taylor. (ECF No. 6 at PageID 72, 75, 77, 80, 83, 86, ¶¶ 29, 46, 62, 79, 95, 111.)  On July 24, 2018, Wayne County obtained possession of the properties through foreclosure judgments due to tax delinquencies. (*Id.* at PageID 72, 74-79, 81-83, 85-86, ¶¶ 33,

2

42, 50, 59, 66, 75, 83, 92, 99, 108, 115.) The properties were sold below fair market value and the County failed to refund to Plaintiffs the proceeds of the sale that exceeded the taxes owed, plus reasonable fees and expenses ("surplus value"). (*See, e.g., id.* at PageID 69, ¶¶ 20-21.)

The City of Taylor then purchased the properties from the County, and in turn sold the properties to the Purchasers. (*See generally* Am. Compl., ECF No. 6.)

Plaintiffs filed this lawsuit on April 6, 2023, and then filed an Amended Complaint on April 14, asserting the claims set forth earlier. Plaintiffs subsequently filed certificates of service, reflecting service of a summons and a copy of the Complaint, on Taylor Rehab Five (ECF No. 18), the County (ECF No. 19), Vincent Antkiewicz (ECF No. 20), Jackelin Antkiewicz (ECF No. 21), Donna Hines (ECF No. 27), Nu Home (ECF No. 28), and Taylor Rehab Three (ECF No. 31). Hines filed an Answer to the Complaint on June 21. (ECF No. 33.)

On June 23, Plaintiffs filed requests for clerk's entries of default against Taylor Rehab Three (ECF No. 34), Taylor Rehab Five (ECF No. 35), and Nu Home (ECF No. 36). Their requests were granted on June 26. (ECF Nos. 38-40.) Plaintiffs subsequently filed certificates of service reflecting service of a summons and a copy of the Complaint on Harold Goodman (ECF No. 44) and Awad (ECF No. 45).

On June 30, the Honorable Mark A. Goldsmith, to whom this case was initially assigned, entered an order suspending the County's deadline to answer Plaintiffs' Amended Complaint under further order of the court. Thereafter, on July 18, Plaintiffs filed their motion for default judgment as to Nu Home, Taylor Rehab Five, and Taylor Rehab Three. (ECF No. 48.) On July 19, the matter was reassigned to the undersigned. On the same date, Nu Home, Taylor Rehab Five, and Taylor Rehab Three moved to set aside the defaults against them (ECF No. 50), and Awad filed his motion to dismiss on the same date (ECF No. 51). These last two motions have been fully briefed.

**Motions to Set Aside Default and for Default Judgment**

As an initial matter, Plaintiffs seek a default judgment against Awad. However, Plaintiffs never sought, and therefore have never received, a clerk's entry of default as to this defendant. Accordingly, their request for a default judgment against Awad is premature. *See* Fed. R. Civ. P. 55. As Awad also timely responded to Plaintiffs' Complaint, there is no basis for requesting a clerk's entry of default against him.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default.

4

*United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

The Sixth Circuit Court of Appeals has instructed district courts to employ a "lenient standard" when evaluating a request to set aside a default that has not yet ripened into a judgment. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). The court advised that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id*. at 194. Moreover, because federal courts favor trials on the merits, doubts should be resolved in favor of setting aside a default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).

Applying this standard, the Court finds good cause to set aside the defaults entered against Taylor Rehab Five, Taylor Rehab Three, and Nu Home. The Court, therefore, denies Plaintiffs' request for a default judgment against these defendants.

**Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely" granted "when justice so requires." The United States

5

Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further advised that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.*

Plaintiffs seek leave to file a Second Amended Complaint to add class action allegations with respect to their takings claim against the County. (*See* ECF No. 17 at PageID 208; ECF No. 17-2 at PageID 214, ¶ 1.) Plaintiffs wish to represent a class of City of Taylor property owners whose real property was seized from 2011 through the present by the County through a property tax foreclosure and where the property was worth more and/or was sold for more than the tax delinquency and the surplus value was not refunded. (ECF No. 17-2 at PageID 242, ¶ 154.) However, a class action already is pending in this District, and before this Court, which asserts the same claims on behalf of the same property owners: *See Bowles v. Sabree*, No. 23-cv-10973 (E.D. Mich. filed Oct. 22, 2020).[2] Class counsel has

---

[2] The original case number was 20-cv-12838, and included claims brought on behalf of former Oakland County property owners. On April 25, 2023, the matters were severed. The certified class in *Bowles* represents all property owners formerly owning property in Wayne County and encompasses the City of Taylor property owners as the city is in Wayne County.

6

been appointed and is not counsel representing Plaintiffs here. *See* Order, *id.* (E.D. Mich. Apr. 27, 2023), ECF No. 5. Plaintiffs and the property owners they seek to represent in their proposed Second Amended Complaint are already members of the *Bowles* class. *See* Op. & Order, *Bowles*, No. 20-12838 (E.D. Mich. Jan. 14, 2022), ECF No. 47 at PageID 726.

For this reason, it would be futile for Plaintiffs to amend their pleading to add class action allegations.[3] The Court is, therefore, denying Plaintiffs' motion.

**Motion to Dismiss**

Awad moves to dismiss Plaintiffs' claims against him, arguing, in part, that the *Rooker-Feldman* doctrine divests the Court of subject matter jurisdiction over the claims. More specifically, Awad argues that all of the claims against him involve a challenge to the state-court foreclosure judgments that vested title to the properties in the County.

Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to review final state-court judgments. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The application of the doctrine is confined to "cases brought by state-court

---

[3] Cases filed by *Bowles* class members in fact have been consolidated with *Bowles*. *See, e.g.,* Order, *Chuney v. Wayne Cnty.*, No. 23-10524 (E.D. Mich. Apr. 27, 2023). For that reason, subsequent to the entry of this Opinion and Order, the Court is entering an order consolidating this action with *Bowles*.

7

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "*Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself." *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).

To decide whether a plaintiff seeks review of a state-court judgment, a court must look to the "source of the injury the plaintiff alleges in the federal complaint," *McCormick*, 451 F.3d at 393, and consider what relief the plaintiff requests, *VanderKodde v. Mary Jane M. Elliott, PC*, 951 F.3d 397, 402 (6th Cir. 2020). "The test is whether the plaintiff's injury stems from the state-court judgment, not whether the claims [in the state and federal cases] are identical." *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 388 (6th Cir. 2021). If the defendant's alleged misconduct is independent from the state-court judgment, *Rooker-Feldman* does not apply. *McCormick*, 451 F.3d at 392. This is true even if the "federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party[.]'" *Id*. (quoting *Exxon*, 544 U.S. at 293).

8

In *McCormick*, the Sixth Circuit offered "two instructive examples" from a Second Circuit decision to distinguish between claims attacking state court judgments and independent claims for which *Rooker-Feldman* does not apply:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.
>
> Further, by focusing on the requirement that the state-court judgment be the source of the injury, we can see how a suit asking a federal court to "den[y] a legal conclusion" reached by a state court could nonetheless be independent for *Rooker-Feldman* purposes. Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging injury based on the employer's discrimination. The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.

*Id.* at 394 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). The Sixth Circuit recognized exceptions where third-party conduct may not be independent of a state court judgment for *Rooker-Feldman* purposes. "For example, if a third party's actions are the product of a state court

9

judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Id.* (citing *Hoblock*, 422 F.3d at 88).

In their claims against Awad and the Purchasers, Plaintiffs do not expressly ask the Court to declare the foreclosure judgments void—although they allege in their pleading that the judgments are null and void. Nevertheless, Plaintiffs' claims are premised on their assertion that the judgments are void and that, therefore, the properties could not have been lawfully transferred to the Purchasers. In comparable scenarios, the Sixth Circuit has concluded that "there is simply no way for this or any other court to grant [the plaintiff] relief without disturbing the judgments of foreclosure entered by the state court." *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 478, 490 (6th Cir. 2005) (applying *Rooker-Feldman* because "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid"); *see also Givens*, 278 F. App'x at 609 (finding that the plaintiff's complaint, which sought to enjoin enforcement of a state-court judgment of possession following foreclosure of the property, "fits squarely within the narrow range of cases over which jurisdiction does not exist[]" due to the *Rooker-Feldman* doctrine because "[i]t is clear . . . that the source of [the plaintiff's] injuries is the state possession order"); *Johnson El v. JP Morgan Chase Bank Nat'l Assoc.*, No. 16-2465, 2017 WL 4863167, at *3 (6th Cir. June 1, 2017) (affirming district court's conclusion that, under *Rooker-*

10

*Feldman*, subject matter jurisdiction was lacking over the plaintiffs' claims for setting aside the foreclosure sale, wrongful foreclosure, unjust enrichment, quiet title, and slander of title because those claims stemmed from the state-court's judgment of foreclosure and eviction proceedings); *Veasley v. Fed. Nat'l Mortg. Ass'n*, 48 F. Supp. 3d 1008, 1014-15 (E.D. Mich. 2014) (collecting cases finding federal suits brought by state-court losers of foreclosure and possession actions seeking to challenge those orders barred by *Rooker-Feldman*).

In response to Awad's motion, Plaintiffs assert that they are not claiming that the judgments of foreclosure were improper but instead challenge post-foreclosure conduct of Awad and others. (ECF No. 56 at PageID 602.) According to Plaintiffs, Awad conspired with former Taylor officials and bribed them in exchange for assistance obtaining tax-foreclosed properties. (*Id.* at PageID 600-01.) In addition to the fact that Plaintiffs' pleading repeatedly contradicts their current assertion of what is being challenged, Awad's conduct could not provide a basis to support Plaintiffs' claims of quiet title, unjust enrichment, or declaratory relief against Awad or the Purchasers.

This is because it was the foreclosure judgment proceedings, and not any conduct by Awad, that divested Plaintiffs of their title to the properties. After the County acquired title, it sold the properties to the City of Taylor, which only then

11

sold them to the Purchasers.[4] Therefore, even if Plaintiffs could show that Awad, through his entities, wrongfully obtained the properties from the City of Taylor, these transactions are not the source of Plaintiffs' alleged harm (i.e., loss of title to the Properties) and would not entitle Plaintiffs to the relief they seek (i.e., a return of title to them). Rather the state-court foreclosure judgments dispossessed Plaintiffs of their title to the properties and returning title to Plaintiffs would require this Court to disturb those judgments.

For these reasons, the Court concludes that *Rooker-Feldman* precludes the exercise of subject matter jurisdiction over Plaintiffs' claims against Awad, as well as the Purchasers. Therefore, the Court is granting Awad's motion to dismiss and sua sponte dismissing Plaintiffs' claims against the Purchasers. *See Loriz v. Connaughton*, 233 F. App'x 469 (6th Cir. 2007) (finding the plaintiffs' claims barred under the *Rooker-Feldman* doctrine and concluding that the district court properly granted a motion to dismiss on those grounds brought by some defendants and sua sponte dismissed the claims against non-moving defendants).

---

[4] Based on the allegations in Plaintiff's Amended Complaint, it does not appear that title to three of the six properties at issue ever transferred to or through Awad's entities: (i) 6714 Weddel Street (*see* ECF No. 6 at PageID 75-77, ¶¶ 50, 53, 60); (ii) 26360 Pennsylvania Road (*id.* at PageID 83-85, ¶¶ 99, 102, 109); and (iii) 26370 Pennsylvania Road (*id.* at PageID 86-88, ¶¶ 115, 118, 124).

## Conclusion

The Court holds that it would be futile for Plaintiffs to amend their complaint to add class action allegations and, therefore, **DENIES** their motion to file their proposed Second Amended Complaint.  (ECF No. 17.)  The Court **GRANTS** the motion to set aside the clerk's entries of default which have been entered (ECF No. 50), and **DENIES** Plaintiffs' motion for default judgment (ECF No. 48).  The Court lacks subject matter jurisdiction over Plaintiffs' quiet title, unjust enrichment, and declaratory judgment claims (Counts III-V).  Therefore, the Court **GRANTS** Awad's motion to dismiss (ECF No. 51) and ***SUA SPONTE DISMISSES*** Plaintiffs' claims against Nu Home Property Management LLC, Taylor Rehab Five, LLC, Taylor Rehab Three, LLC, Goodman, Hines, and Vincent and Jackelin Antkiewicz.  Those defendants shall be **terminated** from this action.

    **SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: October 26, 2023