UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SANDERS and
BRIANNE SANDERS,

       Plaintiffs,

v.

WAYNE COUNTY,

       Defendant.
_____/

Case No. 23-cv-10789
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

This lawsuit, filed by Plaintiffs Matthew and Brianne Sanders, arises from Defendant Wayne County's foreclosure of their six properties due to tax delinquencies. After foreclosure judgments were issued on March 28, 2018, and became final on March 31, 2018, the City of Taylor purchased the properties for the amount of the "minimum bid" pursuant to Michigan's General Property Tax Act ("GPTA"). In a Complaint filed on April 6, 2023, the Sanders alleged that Wayne County violated the law by not returning to them the "surplus value" (that being, the value of the properties minus the amount owed for unpaid taxes, plus reasonable fees and expenses). (*See* ECF No. 1 at PageID.5 ¶ 20.)

Following much activity in this litigation—some of which will be discussed below—the Sanders filed a Second Amended Complaint on July 9, 2024. (ECF

No. 62.) The matter is now before the Court on Wayne County's motion to dismiss the amended pleading on statute of limitations grounds. (ECF No. 67.) The motion is fully briefed. (ECF Nos. 69, 70.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.      Standard of Review**

Wayne County filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The court ordinarily may not consider matters

2

outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss, *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997) (citation omitted); however, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein," *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**II.     Factual and Procedural Background**

As indicated, foreclosure judgments were entered against the Sanders' six properties on March 28, 2018. (ECF No. 67-2.) The Judgments "became final and unappealable on March 31, 2018." (*Id.*) Wayne County, the foreclosing entity, then sold the properties to the City of Taylor pursuant to the "right of first refusal" provision in the GPTA, Mich. Comp. Laws § 211.78m(1). (*See generally* ECF No. 62.)

The sales price for each of the properties was more than the tax delinquency but less than the fair market value; however, the excess was not refunded to the Sanders. (*Id.*) Claiming that Wayne County deprived them of their equity in the properties in violation of federal and state law, the Sanders filed this lawsuit on April 6, 2023.

On that date, a class action against Wayne County and Oakland County was also pending before this Court: *Bowles v. Sabree*, No. 20-cv-12838.[1] In *Bowles*, which had been filed on October 22, 2020, the plaintiffs sought to represent a class consisting of:

> [A]ll the owners of real property in Oakland and Wayne Counties whose real property, during the relevant time period, was seized through a real property tax foreclosure by Defendants and which was worth and/or sold at tax auction for more than the total Tax Delinquency and was not refunded the excess Equity.

First Am. Compl., *id.* (E.D. Mich. Dec. 29, 2020), ECF No. 17 at PageID.176 ¶ 61; *see also* Compl., *id.* (E.D. Mich. Oct. 22, 2020), ECF No. 1 at PageID.9 ¶ 35. On January 14, 2022, this Court certified the following class:

> All property owners formerly owning property from within the counties of Wayne and Oakland who had said property seized by Defendants via the General Property Tax Act, MCL 211.78 et seq., which was worth more and/or was sold at tax auction for more than the total tax delinquency and was not refunded the excess/surplus equity, and this sale occurred before July 17, 2020, but within three years of the filing of this lawsuit, and excluding any property owner who has filed their own post-forfeiture civil lawsuit to obtain such relief.

Op. & Order, *id.* (E.D. Mich. Jan. 14, 2022), ECF No. 47 at PageID.726.

---

[1] *Bowles* initially was filed against only Wayne County and its treasurer. The claims against Oakland County were brought in an Amended Complaint. *See* First Am. Compl., *Bowles v. Cnty. of Wayne*, No. 20-cv-12838 (E.D. Mich. Dec. 28, 2020), ECF No. 15.

On May 5, 2023, the Sanders moved to file a second amended complaint in this action to add class action allegations. (ECF No. 17 at PageID.208; ECF No. 17-2 at PageID.214.) In the proposed amended pleadings, they defined the putative class as follows:

> "[A]ll eligible city of Taylor property owners, or past owners, whose real property, from 2011 through the present, was seized by Defendant, Wayne County, through a property tax foreclosure and was worth more and/or was sold for more than the tax delinquency and the surplus value was not refunded.

(ECF No. 17-2 at PageID. 242 ¶ 154.) On October 26, 2023, this Court denied the motion, explaining that "a class action already is pending in this District, and before this Court, which asserts the same claims on behalf of the same property owners: *See Bowles v. Sabree*, No. 23-cv-10973 (E.D. Mich. Oct. 22, 2020)." (ECF No. 59 at PageID.688.) On the same date, the Court consolidated the present action with *Bowles*, finding that the lawsuits "share common questions of law and fact as they both stem from alleged actions by Wayne County in retaining surplus proceeds or equity from the former owners of tax foreclosed properties, and the constitutionality of those actions under *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020)." (ECF No. 60.)

In the interim, a settlement agreement was reached in *Bowles* with respect to class members whose properties had been foreclosed by Oakland County, which this Court approved in late 2022. *See* Final J. & Order of Dismisal as to Oakland

5

Cnty., *Bowles*, No. 20-cv-12838 (E.D. Mich. Dec. 12, 2022), ECF No. 106. The Settlement Class was defined as:

> All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount. The period at issue is June 8, 2009 through July 17, 2020. Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

*Id*. at PageID.2768. On April 25, 2023, the parties in *Bowles* stipulated to an order severing the claims against Wayne County from the claims against Oakland County, *See* Stip. Order, *id.*, ECF No. 126, and the former claims were refiled under a new case number: 23-cv-10973.

Thereafter, a motion was filed in *Bowles* to modify the definition of the certified class to *inter alia* "remove[] the claim for the fair market value definition of surplus funds . . . and leave[] the definition of surplus funds adopted by the Michigan Supreme Court in *Rafaeli* . . . and applied in *Freed v. Thomas*, 81 F.4th 655 (6th Cir. 2023) . . . .." Mot., *Bowles*, No. 23-cv-10973 (E.D. Mich. Jan. 24, 2024), ECF No. 27 at PageID.260. The Sanders filed a notice indicating that, if the amendment was allowed and the class definition no longer included equity value, they "would no longer have identical allegations to the class and severance would

6

likely be appropriate, and moved for." Memo, *id.* (E.D. Mich. June 17, 2024), ECF No. 48 at PageID.761. The Sanders and Wayne County thereafter stipulated to an order severing the Sanders' claims, which was entered on July 1, 2024. Stip. Order, *id.* (E.D. Mich. July 1, 2024), ECF No. 50. The stipulated order also allowed for the Sanders to file a second amended complaint in this action. *Id.*

They filed that amended pleading seven days later. (ECF No. 62.) The Second Amended Complaint contains two claims: (I) a takings claim under the Fifth and Fourteenth Amendments to the United States Constitution, filed pursuant to 42 U.S.C. § 1983; and (II) an inverse condemnation claim under the Michigan Constitution. (*Id.*) As indicated, Wayne County has filed a motion to dismiss those claims.

In the motion, Wayne County argues that the Sanders' § 1983 claim is time-barred because it was filed more than three years after the foreclosure judgments became final on March 31, 2018. Wayne County further argues that the statute of limitations was not tolled by *Bowles* or a similar putative class action filed in the Western District of Michigan on December 11, 2014: *Wayside Church v. Van Buren County*, No. 14-cv-1274. Upon dismissal of the § 1983 claim, Wayne County urges the Court to not exercise supplemental jurisdiction over the Sanders' inverse condemnation claim.

### III. Applicable Law and Analysis

The statute of limitations for § 1983 claims brought in Michigan federal courts is three years. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020). Where the foreclosed property is not sold at a public auction, the statute of limitations runs from when the county took absolute title to it—that is, when the foreclosure judgment became final.[2] *See Lyndon's LLC v. City of Detroit*, No. 23-1895, 2024 WL 3427176, at *2 (6th Cir. July 16, 2024) (citing *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022)). Here, that date was March 31, 2018. Thus, absent tolling, the statute of limitations expired in early 2021, more than two years before this lawsuit was filed.

The Supreme Court has held, however, that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of

---

[2] Where property is sold at a public auction, the former property owner has a property right to only any "surplus proceeds," meaning the proceeds from the sale in excess of the tax delinquency. *See Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434, 462 (Mich. 2020). Courts have therefore held that the statute of limitations does not begin to run until the sale occurs, the sale results in surplus proceeds, and the surplus is not returned to the former property owner. *See, e.g., Santana v. Cnty. of Wayne*, No. 22-cv-12376, 2023 WL 5655511, at *3 (E.D. Mich. Aug. 31, 2023). In comparison, where there is no public auction, the Sixth Circuit has indicated that the property owner's claim for compensation arises when the foreclosing entity takes "absolute title" to the property. *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022).

the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). The statute of limitations remains tolled for all members of the putative class until class certification is denied, or the court adopts a class definition that excludes the plaintiff(s). *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983); *DeGeer v. Union Pac. R.R. Co.*, 113 F.4th 1035, 1039 (8th Cir. 2024) (citing *DeFries v. Union Pac. R.R. Co.*, 104 F4th 1091, 1099 (9th Cir. 2024); *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313, 320-21 (5th Cir. 2024)) (holding that a plaintiff's claims remain tolled pursuant to *American Pipe* "unless and until a court accepts a new [class] definition that unambiguously excludes them"); *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2009) (indicating that individuals are treated as parties to the class action until "they cease to be members of the class—for instance, when they opt out or when the certification decision excludes them"). As this Court indicated in another case, "the first step is to determine whether [the] plaintiff's claims were part of the original class definition in the [] action and thereby benefit from *American Pipe* tolling." *Ford Motor Co. v. BCBS of Mich. Mut. Ins. Co.*, No. 23-cv-11286, 2024 WL 1396264, at *8 (E.D. Mich. Mar. 30, 2024) (quoting *Machesney v. Ramsgate Ins., Inc.*, No. 13-cv-11804, 2014 WL 2605479, at *3 (E.D. Mich. Jun. 10, 2014)).

As set forth earlier, the *Bowles* plaintiffs defined the putative class as:

9

> [A]ll the owners of real property in Oakland and Wayne Counties whose real property, during the relevant time period, was seized through a real property tax foreclosure by Defendants and which was worth **and/or** sold at tax auction for more than the total Tax Delinquency and was not refunded the excess Equity.

*See, e.g.*, First. Am. Compl., *Bowles*, No. 20-cv-12838 (E.D. Mich. Dec. 29, 2020), ECF No. 17 at PageID.176 ¶ 61 (emphasis added).  Thus the class, as proposed and eventually certified, included property owners whose real property was (a) seized through a real property tax foreclosure by Wayne or Oakland County and (b) was worth more than the total tax delinquency and/or (c) was sold at a tax auction for more than the total tax delinquency.  The Sanders properties were not sold at a tax auction, but they were seized through a tax foreclosure by Wayne County and were allegedly worth more than the tax delinquency.

In its opening brief, Wayne County contends that the *Bowles* class included only those property owners whose properties were "sold at tax auction." (ECF No. 67 at PageID. 749.)  In support, Wayne County points to the assertions in the *Bowles* complaint that common questions of fact include that: "each class member's property, prior to foreclosure, was worth and was sold for more than the total Tax Delinquency owed to the counties and/or its treasurers" and "Defendants destroyed thousands of dollars of Equity when selling each class member's property at a highly reduced, below fair market price." (*Id*.)  Wayne County maintains that the Sanders' "[p]roperties were not sold, but instead transferred

10

through the right-of-refusal." (*Id.*)  In the reply brief, Wayne County maintains that "the [*Bowles*] plaintiffs repeated[] use [of] the words 'sale' or 'selling'" in their amended complaint demonstrates that the Sanders were not part of the *Bowles* class.  (ECF No. 70 at PageID.815.)

But this argument—in addition to ignoring the plaintiffs' proposed definition of the class—overlooks that foreclosed properties not sold at public auction are still *sold* following the foreclosure judgment.  Pursuant to the GPTA, those properties are "purchase[d]" by some entity for "the minimum bid" (under the version of the statute in effect until December 31, 2020) or, if greater, the property's fair market value (under the statute's current version).[3]  *See* Mich. Comp. Laws § 211.78m(1); *see also Hall*, 51 F.4th at 188 (describing the statutory process after the foreclosure judgment where there is no public auction).

---

[3] The statute, in effect until December 31, 2020, read:

> If this state elects not to *purchase* the property under its right of first refusal, a city, village, or township may *purchase* for a public purpose any property located within that city, village, or township set forth in the judgment and subject to sale under this section *by payment* to the foreclosing governmental unit of the minimum bid.

Mich. Comp. Laws § 211.78m(1) (effective until Dec. 31, 2020) (emphasis added).  Clearly if a municipality elects to "purchase" the property then the "foreclosing governmental unit" is "selling" it.

11

Wayne County also cites *Sinclair v. Meisner*, No. 18-cv-14042, 2024 WL 1184674 (E.D. Mich. Mar. 19, 2024), to support its argument that the *Bowles* class excluded properties not sold at public auction. (ECF No. 67 at PageID. 749 n.5.) The *Sinclair* court did hold that, to the extent the plaintiff sought to represent persons whose homes were not sold at action but were acquired through the city's right of first refusal, those class allegations "cover[ed] a sufficiently distinct class" from the class in *Bowles* to not be barred by res judicata. *Id*. at *5. Importantly, however, the question in *Sinclair* was whether the plaintiff's proposed class allegations were barred by the *class action settlement* in *Bowles*. *Id.* at *3. As such, the court's holding was based on the definition of the settlement class, not the putative class defined in the *Bowles* complaint. The settlement class was expressly limited to properties "sold at tax auction." *Id.*

Wayne County's argument also is not supported by *Flummerfelt v. City of Taylor*, No. 22-cv-10067, 2024 WL 3520808 (E.D. Mich. July 24, 2024). In that case, the court found that *Bowles* did not toll the plaintiffs' takings claim. *Id*. at *1. However, that holding was not based on a finding that the *Bowles* class was limited to properties sold at public auction.[4] *See id.* In fact, the court made no mention of

---

[4] In *Flummerfelt*, the court found that the plaintiffs were not members of "the class *certified in Bowles*," because that class "excluded from its scope any property owner who filed their own post-forfeiture civil lawsuit to obtain relief[.]" 2024 WL 3520808, at *1 (citation omitted and emphasis added). However, the court's

12

how the plaintiffs' properties were transferred when discussing the tolling issue. *See id.* at *4-7.

Also unpersuasive is Wayne County's argument based upon the "key differences between right of refusal cases and auction cases." (*See* ECF No. 70 at PageID.816-17 (arguing that these differences "demonstrate[] why [the Sanders] are not part of the *Bowles* class")*.*) These distinctions may have offered a reason for this Court to have rejected the *Bowles* plaintiffs' proposed class definition; but, they do nothing to show that the owners of foreclosed properties in both categories were not included in that definition. As Wayne County has acknowledged, "the first step [in determining whether *American Pipe* tolling applies] is to determine whether the claims were part of the original class definition in the action." (ECF No. 67 at PageID.748 (quoting *Machesny*, 2014 U.S. Dist. LEXIS 79324, at *7).) As Wayne County also appears to have acknowledged—in light of the emphasis it supplied—under *American Pipe*, "the commencement of a class action suspends

---

approach—looking to the class eventually certified instead of the putative class defined in the complaint—is not consistent with *American Pipe* and its progeny. *Bowles* did not toll the plaintiffs' claims in *Flummerfelt* for another reason, though. They filed their lawsuit on January 11, 2022, before this Court first ruled on the *Bowles* plaintiffs' request for class certification. *See id.* at *1; *see also supra.* The Sixth Circuit has held that plaintiffs who file their claims prior to the resolution of class certifications in the initial class action forfeit *American Pipe* tolling. *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 791 (2016) (citing *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005)). Unlike the plaintiffs in *Flummerfelt*, the Sanders did not jump the gun.

13

the applicable statute of limitations as to **all asserted members of the class who would have been parties**" had the court certified the class as proposed. (*Id.* (quoting *Am. Pipe*, 414 U.S. at 554).).

The Sanders were among the "asserted members of the class who would have been parties [to *Bowles*] had the suit been permitted to continue as a class action." They were members of the putative class proposed by the *Bowles* plaintiffs when they filed their complaint and, in fact, were included in the class first certified. Thus, *Bowles* tolled the Sanders § 1983 claim.[5]

A different conclusion would run counter to this Court's previous handling of their lawsuit. Specifically, the Court denied the Sanders' motion to amend their complaint to add class action allegations because it viewed the *Bowles* class as already covering the same putative members. The Court consolidated this action with *Bowles* because it viewed the Sanders as members of the *Bowles* class.

At one point, Wayne County agreed. In its appeal challenging the class certification in *Bowles*, Wayne County asserted:

> [T]he district court appeared to certify a class consisting of those who were not refunded the surplus "equity" (defined in the Amended Complaint to mean the "amount by which a property's *value* exceeds its tax delinquency"), and those who were not refunded the surplus "proceeds" (defined by *Rafaeli* and *Hall* to mean proceeds from a foreclosure sale in excess of the tax

---

[5] Having reached that conclusion, the Court finds it unnecessary to decide whether the claim was also tolled by *Wayside*.

14

delinquency).

Defs.-Appellants' Br. on Appeal, *Bowles v. Sabree*, No. 23-1256 (6th Cir. Jan. 29, 2024), ECF No. 30 at Pg. 34.  As Wayne County knew when filing its appellate brief, the only owners of foreclosed property entitled to the surplus equity are those whose properties were not sold at auction, like the Sanders.  *See Hall*, 51 F.4th at 194; *see also Rafaeli*, 952 N.W.2d at 462 ("Indeed, a former property owner only has a right to collect the surplus proceeds from the tax-foreclosure sale; that is, a former property owner has a compensable takings claim if and only if the tax-foreclosure sale produces a surplus.").

### IV.  Conclusion

In summary, the Court concludes that *Bowles* tolled the Sanders' § 1983 takings claim.  Therefore, the claim is not time barred.  Having reached that decision, there is no reason provided by Wayne County for this Court to decline to exercise supplemental jurisdiction over the Sanders' inverse condemnation claim.

Accordingly,

**IT IS ORDERED** that Wayne County's motion to dismiss (ECF No. 67) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 2, 2025